UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIAN FULLER AND JERRY HUDSON,

Plaintiffs,

v.

JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY

Defendant.

Case No. C14-208RSL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendant's Motion For Summary Judgment." Dkt. # 27. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.

## I. BACKGROUND

Plaintiffs, proceeding pro se, are former probationary Customs Inspectors (CI) for the United States Customs Service (now U.S. Customs and Border Protection, or "CPB" or "Agency") who previously brought unsuccessful actions under Title VII arguing that their terminations in late-2003 were discriminatory. The Court incorporates by reference the case backgrounds provided in Fuller v. Chertoff, C05-1308RSM (W.D. Wash. Sept. 8, 2006) (Dkt.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 1

# 39) and Hudson v. Chertoff, C05-1735RSL (W.D. Wash. Aug. 3, 2007) (Dkt. # 31).[1]

Plaintiffs' subsequent actions before the Equal Employment Opportunity Commission ("EEOC") are listed exhaustively in the Complaint and in defendant's motion, and will not be relisted here. Dkt. # 1 (Compl.) at 2-3; Dkt. # 27 at 2-7.

      Plaintiffs' current claims rest on allegations that the Agency interfered in plaintiffs' EEO investigations by concealing evidence and improperly tampering with documents and witness testimony.[2] Plaintiffs indicate that they only discovered evidence of this interference following the entry of judgment in their previous cases. See Dkt. # 1 (Compl.) at 13-14 (discovered public records evidencing Agency interference in 2009). Defendant primarily argues that this action is barred by res judicata and by plaintiffs' failure to exhaust administrative remedies. Dkt. # 27. The Court notes that plaintiffs previously raised a number of their current allegations in Rule 60 motions for relief from their District Court judgments, which were denied as untimely. Fuller, C05-1308RSM (W.D. Wash. Jan. 20, 2010) (Dkt. # 58); Hudson, C05-1735RSL (W.D. Wash. Nov. 24, 2009) (Dkt. # 46).

      In their brief opposing summary judgment, plaintiffs move to amend their complaint to add constitutional and other claims. Dkt. # 31 (Pls. Resp.) at 15. Plaintiffs also allege fraud on the Court, and seek to have their prior adverse judgments vacated under Fed. R. Civ. P. 60. See Dkt. # 31 at 16. Plaintiffs have filed a surreply in support of their de facto motion to amend, Dkt. # 37-1 (Pls.' Surreply); in the interest of considering the full record, the Court has considered the surreply and the exhibits attached therewith.

---

[1] Hudson also alleged that his termination was retaliatory, and sued under the Americans with Disabilities Act and the Rehabilitation Act.

[2] Among plaintiffs' allegations are that the Agency withheld documents showing that Fuller was not a probationary employee; concealed evidence that Fuller's supervisor made racist remarks; and discouraged CBP employee Michael Brydie from providing testimony to the EEOC in support of Hudson's claims. Dkt. # 1 (Compl.). Plaintiffs also allege that, pursuant to a directive authored by Thomas Hardy, Director of Field Operations for the Seattle Field Office, Agency employees submitted their EEO declarations to CBP counsel before they were shared with EEOC investigators. Id.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 2

For the reasons provided <u>infra</u>, the Court makes the following findings. All of plaintiffs' discrimination and retaliation claims are barred either by res judicata or due to plaintiffs' failure to exhaust administrative remedies and timely file in federal court. Plaintiffs are not entitled to relief under Rule 60 from the judgments entered against them, and plaintiffs have neither stated viable constitutional claims nor pled facts supporting any other claims on which relief can be granted. Thus, granting plaintiffs leave to amend their complaint would be futile. Defendant is entitled to summary judgment.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Torres v. City of Madera</u>, 648 F.3d 1119, 1123 (9th Cir. 2011). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325.

Once the moving party has satisfied its burden, the nonmoving party must then set out "specific facts showing that there is a genuine issue for trial" in order to defeat the motion. <u>Id.</u> at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense. <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).

### B. Res Judicata

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 3

The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). The doctrine applies when (1) the prior and present lawsuits involve identical claims, (2) there was a final judgment on the merits of the first action, and (3) there is privity between the two parties in both of the actions. Frank v. United Airlines, 216 F.3d 845, 850 (9th Cir. 2000). In considering whether claims are "identical," a court examines not whether the exact same causes of action have been asserted, but rather "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 555 (9th Cir. 2003). The fourth factor is the most important. See ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (referring to it as "outcome determinative."). Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. W. Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).

"Different theories supporting the same claim for relief must be brought in the initial action." Id. The fact that some different evidence may be presented in the second action does not defeat the bar of res judicata. See Int'l Union of Operating Eng'rs–Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993). Res judicata may bar claims that could not have been brought in the first action because plaintiffs had not exhausted their administrative remedies. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714-15 (9th Cir. 2001).

**C.    Leave To Amend**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings; the Ninth Circuit has held that leave to amend should be granted with "extreme liberality." DCD

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 4

Programs, LTD. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  A factor that the Court must consider before granting leave to amend is whether the proposed amendment would be futile.  Id.

### III.  DISCUSSION

#### A.    Res Judicata May Not Apply To All Claims

Defendant argues that plaintiffs are precluded from religitating matters that plaintiffs raised in Rule 60(b) motions to set-aside their District Court judgments (which were denied for untimeliness) and also argued unsuccessfully before the EEOC.  Defendant's emphasis on plaintiffs' EEOC adjudications is misplaced, as EEOC determinations do not have preclusive effect.  Ray v. Nationwide Mut. Ins. Co., 777 F. Supp. 2d 1175, 1183 (S.D. Iowa 2011); Walia v. Seattle Goodwill, 2008 WL 198498, at *2 (W.D. Wash. Jan. 22, 2008).  A more complicated issue is whether the denials of their untimely Rule 60(b) motions preclude relitigation of the issues plaintiffs attempted to raise.

It appears generally accepted that rulings on Rule 60 motions are preclusive as to subsequent Rule 60 motions and actions.  See Brown v. Bureau of Reclamation, 2008 WL 4239006, at *2 (D. Idaho Sept. 11, 2008) (citing cases).  However, there is very little authority on whether rulings on such motions have preclusive effect in subsequent actions not raised under Rule 60.  The Court finds only one case directly analyzing this issue; this case embraces defendant's position.  Thomas v. Thistledown, Inc., 2009 WL 3172881, at *9 (N.D. Ohio Sept. 29, 2009).  Even if this Court found that case persuasive, however, the fact remains that plaintiffs' Rule 60 motions were denied for untimeliness.

Dismissals of actions for untimeliness are final judgments on the merits for res judicata purposes, Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002); and denials of Rule 60(b) motions as untimely are sufficiently final to be appealed, Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA, 581 F. App'x 679, 681 (9th Cir. 2014).  Nevertheless, there is little authority on the preclusive effect of an untimeliness-based denial of a Rule 60(b) motion.  Rule 60(d) has no time limit, and it is common to see a Court deny a post-judgment motion under

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 5

Rule 60(b) for untimeliness but analyze its merits under Rule 60(d). E.g., S.E.C. v. Ware, 2013 WL 4431343, at *3 (D. Nev. Aug. 15, 2013). At least one District Court in this Circuit has held that a Rule 60(d) action is precluded by a previous denial of a Rule 60(b) motion for untimelinenss. Brown, 2008 WL 4239006, at *2.³ But this is not on-point for whether such a denial precludes a subsequent action not brought under the Rule but raising issues identical to those raised in the denied motion. Defendant simply cites no relevant authority for its argument concerning the preclusive effect of denying a Rule 60(b) motion for untimeliness, and so the Court rejects it.

There is some basis for applying res judicata to plaintiffs' retaliation claims without considering the Rule 60(b) motions. Plaintiffs' previous and current claims both relate to plaintiffs' terminations, suggesting both actions arise from the series of transactions, although the latter's focus is Agency conduct in the EEO investigations that followed.⁴ Nevertheless, res judicata may not apply where a party is ignorant of his ability to bring a claim due to misrepresentation or concealment by the opposing party, which plaintiffs allege, here. See W. Sys., 958 F.2d at 871-72 (ignorance does not excuse failing to raise different theories supporting the same claim in one action unless this ignorance is caused by misrepresentation or concealment by the opposing party). The Court need not resolve the res judicata issue because it grants summary judgment on other grounds.

### B. Plaintiffs' Retaliation Claims Are Untimely

---

³ Furthermore, out-of-Circuit authority holds that "If . . . a movant could have pursued a timely Rule 60(b)(3) motion but inexcusably failed to do so, the movant is precluded from relying on Rule 60(d) to bring [her] claims outside of Rule 60(b)(3)'s one-year statute of limitations period." Anderson v. New York, 2012 WL 4513410, at *4 (S.D.N.Y. Oct. 2, 2012) (citations and internal quotation marks omitted); see In re Hoti Enterprises, L.P., 549 F. App'x 43, 44 (2d Cir. 2014).

⁴ To the extent that plaintiffs are attempting to relitigate their previously-defeated discrimination claims on the basis of new evidence, this attempt is certainly barred by res judicata. As explained infra, the Court will not set aside the judgments entered on plaintiffs' cases.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 6

Defendant argues that plaintiffs failed to timely exhaust their administrative remedies and failed to file a timely complaint in District Court.  An aggrieved federal employee must consult an EEO counselor within 45 days of an alleged discriminatory act.  29 C.F.R. § 1614.105(a)(1). This period may be extended where this employee can show that he did not know and reasonably should not have known that the action occurred.  29 C.F.R. § 1614.105(a)(2).  Absent waiver, estoppel, or equitable tolling, failure to comply with this regulation is "fatal to a federal employee's discrimination claim."  Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002). This requirement applies to retaliation claims arising under Title VII as well as discrimination claims.  See Ford v. United States, 2011 WL 3516129, at *2 (N.D. Cal. Aug. 11, 2011); Hsieh v. Peake, 2008 WL 783370, at *20 (N.D. Cal. Mar. 25, 2008) aff'd sub nom. Fang-Yuh Hsieh v. Shinseki, 342 F. App'x 295 (9th Cir. 2009).  Plaintiffs' investigations occurred between 2003-2005, and they appear to have become aware of the facts underlying their current allegations by April 2009. Dkt. # 1 (Compl.) at 13-14.  Defendant argues that because plaintiffs did not seek EEO counseling until the beginning of August 2009, Dkt. # 28-1 (Def. Exh. D, N); their claims are time-barred.

After failing to dispute in their opposition brief that they first sought counseling in August 2009, plaintiffs argue in their surreply that they satisfied their burden under § 1614.105 when they contacted the Acting Commissioner of the Agency in April 2009 to share their grievances. Plaintiffs proffer an April 2009 letter from Hudson to the Acting Commissioner, along with the Agency's response. Dkt. # 38-2 (Ahren Letter).  This Circuit has long held that a plaintiff may comply with the regulation by initiating contact with "any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process."  Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1046 (9th Cir. 2009).  The Court finds the Acting Commissioner logically connected with the EEO process. Although plaintiffs' argument has been improperly raised, the Court considers it.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 7

1    Nevertheless, even construing Hudson's letter in the light most favoring him, the Court
2 finds that the letter did not evidence intent to begin the EEO process.  Although Hudson details
3 discriminatory and retaliatory conduct by Agency personnel, and invites the Commissioner to
4 contact Hudson or his attorney "for any follow-up with respect to this letter," the letter does not
5 discuss what happened to plaintiffs personally, identify Fuller by name, or evidence any
6 discernible intent on plaintiffs' part to pursue the administrative process.  Dkt. # 38-2 (Ahren
7 Letter).  While the letter may represent an attempt by plaintiffs to have the Agency address an
8 ongoing problem affecting others, this is not enough to satisfy the regulation.  See Welsh v.
9 Hagler, 2015 WL 1244095, at *6 (D.D.C. Mar. 18, 2015).[5]

10   Even if plaintiffs' EEO counselor contact was timely, defendant further argues that
11 plaintiffs did not timely file in this Court.  If a federal employee is dissatisfied with the results of
12 EEOC proceedings, the employee may file an action in federal court within 90 days of notice of
13 a final decision from the Commission.  42 U.S.C. § 2000e-16.  In 2010 and 2012, the EEOC
14 dismissed EEO complaints by plaintiffs alleging Agency interference in their EEO
15 investigations, Dkt.       # 28-1 (Def. Exh. M, P); Dkt. # 28-2 (Def. Exh. DD); and plaintiffs
16 failed to bring actions in federal court related to these complaints within 90 days.  It is true that
17 plaintiffs withdrew their most recent EEO complaints while their appeals were pending, after
18 which they timely filed this action; nevertheless, defendant argues, the allegations in those
19 complaints essentially repeated those raised in their earlier-dismissed EEO complaints.  Dkt. #
20 27 at 21.  This Court concurs with others that plaintiffs may not resurrect a time-barred
21 allegation that they did not timely file in federal court by (a) repeating the allegation in a second
22 EEOC charge and (b) filing in District Court when that charge is dismissed.  See Spears v.
23 Missouri Dep't of Corr. & Human Res., 210 F.3d 850, 853 (8th Cir. 2000); see also Lewis v.

---

[5] While plaintiffs suggest that the Court should apply equitable tolling, the Court fails to see why this doctrine should be applied, where plaintiffs were aware of the basis for their claims, concerning retaliatory actions taken years prior, in April 2009, but did not seek counseling until months later.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 8

New York City Police Dep't, 908 F. Supp. 2d 313, 324 (E.D.N.Y. 2012) aff'd sub nom. Lewis v. NYC Police Dep't, 537 F. App'x 11 (2d Cir. 2013).

Plaintiffs argue in their surreply that one specific allegation survives even if their others are time-barred: pursuant to Hardy's directive, the Agency directs employees to submit their EEO declarations to legal counsel before they are shared with EEOC investigators. Dkt. # 37-1 at 5. Even if the Court saw this allegation as distinct from their previous claims that the Agency interfered with witness testimony in EEOC investigations, the fact remains that plaintiffs did not timely contact an EEO counselor regarding this claim.[6] It is clear from plaintiffs' April letter that they were aware of this alleged practice at that time. Plaintiffs' retaliation claims are time-barred.

### C.   Plaintiffs Are Not Entitled To Relief Under Rule 60

Plaintiffs seek to bring this action under Rules 60(d)(3) and 60(b)(6) and vacate the adverse judgments in their previous federal cases for fraud on the court. See Dkt. # 31 at 16. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only when extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Independent actions under Rule 60 must be "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46, (1998).

Motions under Rule 60(b) must be made within a reasonable time, Fed. R. Civ. P. 60(c)(1); the Court finds plaintiffs' arguments untimely under Rule 60(b)(6), just as their

---

[6] Plaintiffs assert that the EEOC held that this allegation was timely raised when it reversed its dismissal of Fuller's latest EEO complaint; plaintiffs misquote the reversal order as stating that the "directive related back to Fuller's timely filed EEO complaint in 2003." Dkt. # 37-1 at 5. The order actually states, "A review of the directive shows it relates back to 2003." Dkt. # 38-3. In context, the Court reads the order as merely noting that the directive was effective beginning in 2003, as plaintiffs have alleged. This order held that Fuller's November 2009 complaint should be held in abeyance until the EEOC rendered a determination on whether to certify the class action Hudson had filed with the EEOC. Id. It has no bearing on the Court's analysis of whether plaintiffs failed to exhaust their administrative remedies.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 9

previous Rule 60(b) motions were found to be untimely. Rule 60(d)(3) has no time limit, although some courts would still consider plaintiffs' attempt to invoke this Rule untimely. See Anderson, 2012 WL 4513410, at *4. In any event, plaintiffs' proffer is insufficient to justify vacating their previous adverse judgments under this Rule. Demonstrating fraud on the court under Rule 60(d)(3) requires more than simply showing fraud, misrepresentation or misconduct by an opposing party; the Rule is only available if plaintiffs show fraud that "defiles the court or is perpetrated by officers of the court." United States v. Chapman, 642 F.3d 1236, 1240 (9th Cir. 2011). The fraud must rise "to the level of an unconscionable plan or scheme which is designed to improperly influence the court in its decision," id.; and plaintiffs must provide "clear and convincing evidence," Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1104 (9th Cir. 2006). Plaintiffs' allegations of document and witness tampering in their EEO investigations, which are largely based on evidence that this occurred in an unrelated case, simply do not rise to this level.

### D. Plaintiffs May Not Assert Due Process Claims

Plaintiffs attempt to assert constitutional claims, arguing that the Agency deprived them of procedural due process during their EEOC investigations and proceedings. Dkt. # 37-1 (Am. Compl.) at 25. A plaintiff pleads a procedural due process violation when he alleges that he has a life, liberty, or property interest protected by the Constitution; (2) he was deprived of that interest by a state actor; and (3) he was not afforded timely and adequate process under law. Waeschle v. Dragovic, 576 F.3d 539, 544 (6th Cir. 2009). Defendant argues that plaintiffs' claims are preempted under the Civil Service Reform Act ("CSRA"), which preempts suits for constitutional violations arising from governmental personnel actions. Russell v. United States Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999). Defendant is correct about the effect of the Act, and plaintiffs misread Whitman v. Dept. of Trans., 547 U.S. 512 (2006) as holding the opposite. See Council v. United States, 2012 WL 3112001, at *5 (M.D. Fla. July 30, 2012). However, CSRA preemption only covers claims that fall within its scope, and thus the Act only

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 10

preempts such actions by fired non-probationary federal employees, 5 U.S.C. § 4303; the Court finds that plaintiffs are precluded from relitigating their probationary status. Nevertheless, probationary employees lack a sufficient property interest in continued federal employment to trigger due process protections, and so these claims must fail. See, e.g., Abdallah v. Napolitano, 909 F. Supp. 2d 196, 210 (W.D.N.Y. 2012) (citing cases); see also Jenkins v. U.S. Post Office, 475 F.2d 1256, 1257 (9th Cir. 1973).

### E. Plaintiffs' Discovery Violation Claim Is Futile

Plaintiffs' proposed amended complaint attempts to assert a claim based on defendant's alleged discovery violations. The Court can identify no cause of action under which plaintiffs may sue defendant for violating discovery rules in a previous action.

## IV. CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED. Dkt. # 27.

DATED this 22nd day of May, 2015.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 11